IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DRUSILLA MARTIN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>METROPOLITAN GOVERNMENT OF )<br>DAVISON COUNTY )<br>    Defendants. ) | No. 3-15-cv-1044<br>Judge Trauger<br>Magistrate Judge Frensley |

## REPORT AND RECOMMENDATION

Pending before the Court is the Plaintiff's Motion to Take a Voluntary Dismissal Without Prejudice. Docket No. 33. There is a pending Motion for Summary Judgment filed by the Defendant to which the Plaintiff has not responded (Docket No. 16) and Defendant has filed a response to Plaintiff's Motion for Dismissal requesting that the Court enter an Order dismissing the case with prejudice and/or grant summary judgment in its favor (Docket No. 34). For the reasons stated herein, the undersigned recommends that the Plaintiff's Motion for Voluntary Dismissal Without Prejudice be Granted.

Plaintiff in this matter was previously represented by Andy Allman. Following Mr. Allman's suspension from the practice of law in Tennessee, the Court entered an Order holding this case in abeyance in order to allow Plaintiff to obtain new counsel. Docket No. 19. The Court subsequently allowed Plaintiff additional opportunities and extensions of time to find new counsel. Docket Nos. 21, 25 and 30. Plaintiff thereafter filed the instant motion requesting that this matter be dismissed without prejudice to which Defendant has filed a response. The Court thereafter held a telephone conference with the Parties to discuss the pending motion and status of representation. Docket No. 38. At that time, the Court advised Plaintiff at least as to her Title

VII claims, the likely practical effect of granting her request for dismissal would be to convert her motion to dismiss from a voluntary dismissal without prejudice to one with prejudice and allowed her the opportunity to withdraw her motion to dismiss. *Michigan Surgery Inv., LLC v. Arman,* 627 F. 3d 572, 575 (6th Cir. 2010). Plaintiff had not filed any additional pleadings with the Court.

Under Federal Rule of Civil Procedure 41(a)(2) this action may be dismissed at the Plaintiff's request only by court order on terms that the court considers proper in light of the fact there is a pending Motion for Summary Judgment. Notwithstanding the Defendant's objection to the dismissal without prejudice and the pending Motion for Summary Judgment the Court believes that the circumstances whereby Plaintiff's counsel was suspended from the practice of law and the initial order advising Plaintiff of a deadline to obtain new counsel was entered one week after the Motion for Summary Judgment was filed, constitute extenuating circumstances whereby dismissal without prejudice is appropriate in this case.

For the reasons set forth above, the undersigned recommends that Plaintiff's motion to dismiss this action without prejudice be GRANTED

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**